No. 15,992.

LAKEWOOD SANITATION DISTRICT v. PUBLIC UTILITIES COMMISSION ET AL.

(198 P. [2d] 456)

Decided September 20, 1948. Rehearing denied October 4, 1948.

Messrs. SHUTERAN, ROBINSON and HARRINGTON for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, for defendant in error Public Utilities Commission.

Mr. HARRY A. KING, Mr. E. B. UPTON, for defendant in error School District.

*En Banc.*

PER CURIAM.

THIS case comes before us on motion to dismiss writ of error and affirm judgment on the ground of insufficiency of the abstract of record.

Our rules of procedure require that the abstract "contain a brief statement of the contents of the pleadings, the judgment, and other essential parts of the record," and that it "be indexed and the folio numbers of the record shown on the margin thereof." Rule 115(a), R.C.P. Colo. The purpose of the abstract should be obvious, and is threefold: First, to point out to the court the essential parts of the record so that it will not be

necessary for us to labor over portions which are not pertinent to the issues here raised; second, to provide enough copies of this essential record so that each of the appellate judges may have one available for his study, and third, to present this essential record in convenient form and uniform type so as to facilitate our investigation of the facts and issues involved.

This court has presented to it for review approximately two hundred cases a year and each of its members is under obligation to give study, not only to the cases assigned to him for special investigation and opinion, but also to the cases being considered by each of the other members of the court in which he participates. Unlike many appellate courts we have no professional law clerks to assist us. The entire burden of research rests upon the judges and the requirements of the rules of procedure as to the abstracts are not in any degree arbitrary, but are necessary to enable the court to keep abreast of its work.

The abstract submitted in this case contains no index. Footnotes with numbers in three point type are substituted for marginal folio numbers in eleven point type. The only reference to the pleadings is the statement that the complaint was in the nature of a review of the record of the Public Utilities Commission and that it sets forth the fact of its "lack of jurisdiction and abuse of jurisdiction." The only reference to the judgment sought to be reviewed by us is the statement that the court affirmed the ruling of the commission. There is not a word in the abstract with reference to the complaint before the commission, the answer thereto, or the issues submitted, or even as to the parties to the action there. The only reference to the order of the commission is that, it "ordered the sanitation district to cease and desist from claiming and collecting from tax free agencies the $2.21 connection fee, struck all references to it from the rate schedules of the district, required the district to cancel all rates in conflict with the schedules set forth by the com-

mission, and determined that the new rates set by the commission were just, reasonable and lawful rates." We are not advised as to what rates were in conflict with the schedules set forth by the commission or what new rates were held reasonable and lawful. There is no statement as to the findings of fact or conclusions of law either of the court or the commission. School District No. 47 was not named as a party defendant, but has been permitted to appear on its own motion and under such permission has joined with the Attorney General in the motion now before us.

Counsel for plaintiff in error states in the abstract that, "Instead of the usual treatment of an abstract of the record, we have tried in the following pages to give a factual running story of the evidence produced at the various hearings and trials of the cause." This is a frank admission that no attempt was made to comply with our rules of procedure, or to supply the court with information as to the pleadings and issues made by the parties or the findings of the commission or the court, or other parts of the record essential to an understanding of the issues involved.

We learn from this purported abstract of the record that the action here under consideration was for review of an order of the Public Utilities Commission and that the commission certified its proceedings to the district court. There is no mention of the taking of testimony in the hearing before the court or of introduction of other evidence than the record of the commission. If this be true, the record on error should consist of the pleadings in the district court together with the certified record of the commission. An examination of the record on error submitted to us discloses no such certified record. Instead, it consists largely of carbon copies of documents marked with private notations, photostatic copies of other documents greatly reduced in size, multigraph copies of still other documents and typewritten record of testimony. These appear severally to constitute copies

of portions of the record before the commission, but they are not that record, and there is no showing that they are copies thereof, even if such were proper.

We are aware that the making of abstracts of record is a laborious task to counsel, but laborious also is the never-ending study of records by the court. We have overlooked many minor infractions of our rules, especially on the part of inexperienced counsel, but for us to permit such deliberate violations as are here exhibited, and, without the aid of a proper abstract, toil through the pages of such an improperly copied and ill prepared record, even if it were found sufficient to justify review, would require us hereafter in fairness to other counsel to disregard entirely our rules relative to the preparation of abstracts of record, which would seriously and unnecessarily impede the progress and multiply the labors of the court.

For insufficiency both of the abstract and of the record, the writ of error is dismissed.

MR. JUSTICE ALTER not participating.